UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re

STAGE DOOR DEVELOPMENT, INC.,

    Debtor.
_____

WILLIAM C. CARN, III, Trustee,

    Plaintiff,

v.

H. JACK MIZELL,

    Defendant.
_____

H. JACK MIZELL and JAMES
TIMOTHY TURNER,

    Third-party plaintiffs,

v.

WILLIAM C. CARN, III, Trustee, *et al.*,

    Third-party defendants.

Case No. 07-11638-DHW
Chapter 11

Adv. Proc. No. 08-1023-DHW

MEMORANDUM OPINION

    Third-party defendants William C. Carn, III, C. H. Espy, Jr., and Espy, Metcalf & Espy, PC, filed motions to strike the third-party complaint filed by H. Jack Mizell and James Timothy Turner. Mizell and Turner filed a joint response to the motions. Espy filed a reply. Upon consideration of the above, the court concludes that the complaint is due to be stricken.

On February 22, 2008, Carn, trustee of the chapter 11 debtor, filed this adversary proceeding against Mizell, president of the debtor, to impose a resulting trust for the benefit of the estate on a leasehold interest of Mizell in real property.

On July 9, 2008, Mizell, along with Turner, filed a *pro se* third-party complaint against William C. Carn, III, Trustee, the Honorable Dwight H. Williams, Citizens Bank of Enterprise, Whit Armstrong, Ronald Eubanks, Gulf South Communications, Henry A. Callaway, III, Roger L. Bates, Hand Arendall, LLC, and Jimmy H. Baker. Upon motion of the United States, the undersigned was dismissed as a third-party defendant by the district court.

On October 15, 2008, Turner filed a third-party complaint against C. H. Espy, Espy, Metcalf & Espy, and William C. Carn, III. The record contains no evidence that either of the third-party complaints was properly served along with a summons.

Carn, Espy, and Espy, Metcalf & Espy, PC, filed the instant motions on October 27 and 28 to strike the third-party complaints. The motions are due to be granted.

First, the instant third-party complaints were not filed with leave of court. Leave must be obtained if the third-party complaint is filed more than days after serving the original answer. Fed. R. Civ. P. 14(a), incorporated by Fed. R. Bankr. P. 7014. The original answer was filed by Mizell on May 22, 2008. The first third-party complaint was not filed until July 9, 2008 – more than 10 days after the answer. Therefore, leave of court was required.

Second, the third-party complaints are not predicated on the liability, if any, of the defendant to the plaintiff. Rule 14 allows a defendant to serve a complaint "upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Fed. R. Civ. P. 14(a). The third-party claims filed in this case do not make such an assertion and bear no relationship to the

2

plaintiff's claim against Mizell. They do not seek indemnity for the relief sought in the main action.

Third, Turner has no standing to file a third-party claim. Under Rule 14, only a defendant may, by serving a complaint, become a third-party plaintiff. Turner is not a defendant to this adversary proceeding. In fact, Turner is not a party at all to this adversary proceeding. He is a stranger to this proceeding who has unilaterally inserted himself by filing a third-party complaint without court permission.

Fourth, if the third-party claim against Carn is treated as a counterclaim, leave of court was required because the counterclaim was not included in Mizell's answer. Fed. R. Civ. P. 13(f) states regarding omitted counterclaims: "When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may by leave of court set up the counterclaim by amendment." The parties have not alleged oversight, inadvertence, or excusable neglect, and justice does not require allowance of the instant counterclaim. The counterclaim is at best "permissive" because the counterclaim does not arise "out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 7013(b).

Fifth, to the extent the counterclaim is predicated on acts performed by the trustee in his official capacity, leave of court is required to initiate the action. *See Carter v. Rodgers*, 220 F.3d 1249, 1252 (11th Cir. 2000).

Sixth, the decision to permit impleader is within the sound discretion of the court. 2 James Wm. Moore et al., *Moore's Manual: Federal Practice and Procedure* § 14.56[2][a] (2008). In addition to the above factors, the court considers the factor of time. The first third-party complaint was filed less than one month before the trial of the plaintiff's claim and a month and one-half after the filing of the answer. A final judgment on the plaintiff's claim entered August 7, 2008 declaring the lease interest property the estate under the theory of resulting trust. The second third-party complaint was not filed until October 15, 2008. There is simply no reason to

continue to delay the closing of this adversary proceeding to hear the untimely third-party complaints.

The court has considered the responses of Mizell and Turner to the motions to strike and finds them wholly without legal merit. For the above reasons, the third-party complaints filed by H. Jack Mizell and James Timothy Turner are due to be stricken in toto.

Done this 21st day of November, 2008.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: William C. Carn, III, Plaintiff
   C. H. Espy, Jr., Third-party Defendant
   H. Jack Mizell, Defendant
   James Timothy Turner